Prob 12C
(Rev. 3/95 D/HI)

# ORIGINAL

## SEALED BY ORDER OF THE COURT

### United States District Court

for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 14 2006

at ___ o'clock and ___ min ___ M
SUE BEITIA, CLERK

U.S.A. vs. <u>KALEI AURELIO LOPEZ</u>          Docket No. <u>CR 03-00430HG-01</u>

### REQUEST FOR COURSE OF ACTION
(Statement of Alleged Violations of Supervised Release)

COMES NOW CARTER A. LEE, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of KALEI AURELIO LOPEZ, who was placed on supervision by the Honorable Helen Gillmor, sitting in the Court at Honolulu, Hawaii, on the 4th day of May, 2004, who fixed the period of supervision at 3 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the defendant provide the Probation Office access to any requested financial information.

4. That the defendant participate in a mental health assessment and participate in a mental health program if deemed necessary, at the discretion and direction of the Probation Office.

5. That the defendant is prohibited from the possession and use of alcohol.

The subject's term of supervised release commenced on 3/2/2005.

On 7/10/2006, the Court modified the subject's conditions of supervised release as follows:

Mandatory Condition: That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.



Prob 12C
(Rev. 3/95 D/HI)

2

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of his supervised release (Probation Forms 7A and 12B are attached) as follows:

1. The subject submitted a urine specimen on 3/4/2005 which tested positive for methamphetamine/amphetamine and on 6/7/2006 which tested positive for tetrahydrocannabinol (THC) and cocaine, all in violation of the General Condition.

2. The subject admitted to the possession and use of alcohol on or about 3/2/2005 and methamphetamine on 5/2/2005, in violation of the General Condition.

3. The subject refused to submit to drug testing at Hina Mauka on 7/13/2006, in violation of Special Condition No. 1.

4. The subject was discharged from the Victory Outreach Program on 9/11/2006, in violation of Special Condition No. 1.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[✓] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on    9/12/2006

CARTER A. LEE
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

Prob 12C
(Rev. 3/95 D/HI)

3

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 12th day of September, 2006, and ordered filed and made a part of the records in the above case.

HELEN GILLMOR
Chief U.S. District Judge

Re:   LOPEZ, Kalei Aurelio
     Criminal No. CR 03-00430HG-01
     REVOCATION OF SUPERVISED RELEASE

## STATEMENT OF FACTS

As background information, the subject pled guilty to Unauthorized Control of a Propelled Vehicle and Unauthorized Entry Into a Motor Vehicle. On 5/4/2004, he was sentenced to 21 months imprisonment and 3 years of supervised release with the special conditions noted in the petition. On 3/2/2005, the subject began his term of supervision under the U.S. Probation Office, District of Hawaii.

As addressed below, the subject was discharged from the Victory Outreach inpatient substance abuse treatment program on 9/11/2006. The subject has made no effort to contact the U.S. Probation Office and his whereabouts are currently unknown.

The previously submitted violations and the recent violation are as follows:

**<u>Violation No. 1 - Positive Drug Test Result for Methamphetamine/ Amphetamine on 3/4/2005 and Tetrahydrocannabinol (THC) and Cocaine on 6/7/2006</u>:**

On 3/2/2005, the subject was released directly from the Federal Correctional Institution Lompoc and was returned to the District of Hawaii. Upon his arrival, he left a message on the answering machine of the U.S. Probation Office and indicated that he would report for processing on 3/3/2005. This Probation Officer was subsequently assigned the case and attempted to contact the subject at his proposed residence. His sister reported that she was unaware of the subject's return, but agreed to relay a message that he must report for processing. Later that day, the subject left another message indicating that he "stayed with a friend" on 3/2/2005 and would report for processing on 3/4/2005.

On 3/4/2005, the subject reported to the U.S. Probation Office for processing. Initially, this Probation Officer asked if he socialized with his friends upon his arrival on 3/2/2005. The subject admitted to the consumption of alcohol, but denied any illicit drug use. After the processing interview, the subject submitted a urine specimen that tested presumptive positive for methamphetamine on a non-instrumented drug testing (NIDT) device. The specimen was forwarded to Quest Diagnostics for confirmation purposes and later confirmed positive for methamphetamine. When confronted about the positive result, the subject admitted that he used methamphetamine on 3/3/2005 with his friends. The subject apologized for the violation and agreed to participate in substance abuse treatment. As Your Honor may recall, no adverse action was taken against the subject to allow him to participate in intensive outpatient substance abuse treatment at Malama Recovery Services, Waianae, Hawaii, and submit to random drug testing at the highest frequency.

Re:   LOPEZ, Kalei Aurelio
      Criminal No. CR 03-00430HG-01
      REVOCATION OF SUPERVISED RELEASE
      STATEMENT OF FACTS - Page 2

On 6/7/2006, the subject submitted a urine specimen at the U.S. Probation Office which tested presumptive positive for cocaine and marijuana. The specimen was forwarded to Scientific Testing Laboratories, Inc., for confirmation purposes and later confirmed positive for cocaine and marijuana. When confronted about the positive test results, the subject admitted to abusing those illicit drugs and acknowledged that it was an inappropriate response to the stress he was experiencing as a result of being evicted from a clean and sober residence and terminated from his employment. The subject stated that he needed help and requested further substance abuse treatment to address his relapse and instability within the community. The subject was referred to The Salvation Army Adult Rehabilitation Center (SAARC) inpatient substance abuse program. He acknowledged his need for treatment and agreed to enroll in the SAARC program.

On 6/13/2006, SAARC personnel reported that the subject was not accepted into their inpatient program because he reported a day late to the facility and did not respond to intake questions in a manner which indicated he was amenable to rehabilitation. On that date, the subject contacted this officer and explained that SAARC personnel were disrespectful to him. As a result, the subject enrolled in an alternate inpatient substance abuse treatment program known as Victory Outreach in Ewa Beach, Hawaii. After his placement was verified, the subject was instructed to participate in the Victory Outreach treatment program until clinically discharged. Based on his willingness to undergo an increased treatment regimen, the Court took no action against the violations to allow the subject to enter the Victory Outreach inpatient treatment program.

### Violation No. 2 - Possession and Use of Alcohol on 3/2/2005 and Methamphetamine on 5/2/2005:

On 3/4/2005, the subject reported to the U.S. Probation Office for processing. During the processing interview, the subject admitted that he consumed alcohol, but denied any illicit drug use.

On 5/2/2005, the subject submitted a urine specimen that tested presumptive positive for methamphetamine on an NIDT device at Hina Mauka. The specimen was forwarded to Quest Diagnostics for confirmation purposes and later confirmed negative for methamphetamine. However, when confronted about the test result, the subject admitted to the possession and use of methamphetamine on 5/2/2005 when he visited his friends. The subject apologized for the violation and recognized the need for further treatment.

Re:   LOPEZ, Kalei Aurelio
      Criminal No. CR 03-00430HG-01
      REVOCATION OF SUPERVISED RELEASE
      STATEMENT OF FACTS - Page 3

### Violation No. 3 - Refusal to Comply with Drug Testing on 7/13/2006:

On 7/14/2006, Hina Mauka reported that the subject failed to report for drug testing on 7/13/2006. When confronted about the stall, the subject admitted that he forgot to call for his testing that day. The subject was verbally admonished and warned that further noncompliance would not be tolerated. The subject acknowledged the warning and expressed remorse for being irresponsible.

### Violation No. 4 - Discharge From Victory Outreach Program:

On 6/15/2006, the subject entered into residential treatment at the Victory Outreach inpatient substance abuse program. On 8/7/2006, the Probation Office was notified that the subject left the program on 8/6/2006. On 8/9/2006, the subject contacted the Probation Office and admitted to leaving the program on 8/6/2006. Upon further consultation, he agreed to return to the program later that afternoon. Victory Outreach personnel later confirmed his return and acceptance into the inpatient substance abuse program. To ensure his compliance, the subject executed a behavioral contract on 8/21/2006, which required his active participation in substance abuse treatment and drug testing. He was warned that any further misconduct would result in further sanctions to include the revocation of his supervised release.

On 9/11/2006, the U.S. Probation Office was informed by Victory Outreach Program Director Jose Ortiz that on 9/10/2006, the subject left the program without permission. As a result of his unauthorized departure, the subject was discharged from Victory Outreach. Program Director Ortiz noted that the subject was unwilling to follow the rules and regulations of the program and did not get along with other residents.

Based upon the aforementioned violations, it is respectfully recommended that a No Bail warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked. Since being received on supervised release, the subject has tested positive for illegal drugs on multiple occasions and has not responded to a corresponding escalation in substance abuse treatment. In considering the subject's inability to refrain from illegal drug use and poor adjustment

Re:   LOPEZ, Kalei Aurelio
      Criminal No. CR 03-00430HG-01
      REVOCATION OF SUPERVISED RELEASE
      STATEMENT OF FACTS - Page 4

within the community, he will not benefit from continued participation in substance abuse treatment and presents a danger to the community.

Respectfully submitted by,

CARTER A. LEE
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

CAL/pts

Re:  LOPEZ, Kalei Aurelio
     Criminal No. CR 03-00430HG-01
     REVOCATION OF SUPERVISED RELEASE
     STATEMENT OF FACTS - Page 5

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

None.

PROB 7A
(Rev. 9/00; D/HI 7/02)

Conditions of Probation and Supervised Release

# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF HAWAII

To:     KALEI AURELIO LOPEZ                             Docket No. CR 03-00430HG-01
Address:

Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Helen Gillmor, U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of 3 years commencing upon release from confinement.

While on supervised release, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[X]     The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

        **For offenses committed on or after September 13, 1994:**

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[ ]     The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

    (1)     The defendant shall not leave the judicial district without the permission of the court or probation officer;

    (2)     The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

    (3)     The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)   The defendant shall support his or her dependents and meet other family responsibilities;

(5)   The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6)   The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7)   The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)   The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9)   The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10)  The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11)  The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12)  The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13)  As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

*SEE ATTACHED.*

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     3-4-05
KALEI AURELIO LOPEZ, Defendant              Date

_____              3-4-05
CARTER A. LEE                                Date
U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 7/02)

RE:   KALEI AURELIO LOPEZ
      Docket No. CR 03-00430HG-01

Conditions of Probation and Supervised Release
**(continued from previous page)**

1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2) That the defendant is prohibited from possessing any illegal or dangerous weapons.

3) That the defendant provide the Probation Office access to any requested financial information.

4) That the defendant participate in a mental health assessment and participate in a mental health program, if deemed necessary, at the discretion and direction of the Probation Office.

5) That the defendant is prohibited from the possession of and use of alcohol.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    3-4-05
         KALEI AURELIO LOPEZ, Defendant        Date

         _____    3-4-05
         CARTER A. LEE                         Date
         U.S. Probation Officer

PROB. 12B
(7/93)

**RECEIVED**

'06 JUL 10 P4:12

U.S. PROBATION OFFICE
HONOLULU, HAWAII

## United States District Court

### for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 10 2006

at ___3___ o'clock and __35__ min. __P__ M
SUE BEITIA, CLERK

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: KALEI AURELIO LOPEZ          Case Number: CR 03-00430HG-01

Name of Sentencing Judicial Officer: The Honorable Helen Gillmor
                                     Chief U.S. District Judge

Date of Original Sentence: 5/4/2004

Original Offense:   Count 2: Unauthorized Control of a Propelled Vehicle, in violation of 18 U.S.C. § 13 and Hawaii Revised Statutes § 708-835, a Class C felony

Count 3: Unauthorized Entry Into a Motor Vehicle, in violation of 18 U.S.C. § 13 and Hawaii Revised Statutes § 708-836.5, a Class C felony

Original Sentence:  Twenty-one (21) months imprisonment as to Counts 2 and 3, such terms to run concurrently and with any state court sentence, to be followed by three (3) years supervised release as to Counts 2 and 3, such terms to run concurrently, with the following special conditions: 1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) That the defendant is prohibited from possessing any illegal or dangerous weapons; 3) That the defendant provide the Probation Office access to any requested financial information; 4) That the defendant participate in a mental health assessment and participate in a mental health program if deemed necessary, at the discretion and direction of the Probation Office; and 5) That the defendant is prohibited from the possession and use of alcohol.

Type of Supervision: Supervised Release     Date Supervision Commenced: 3/2/2005

## PETITIONING THE COURT

[✓]   To modify the conditions of supervision as follows:

Mandatory Condition:   *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.*

## CAUSE

<u>Violation Number</u>   <u>Nature of Noncompliance</u>

1. General Condition   The subject's urine specimen submitted on 6/7/2006 tested positive for marijuana and cocaine.

On 3/2/2005, the subject began his term of supervision under the U.S. Probation Office, District of Hawaii. Shortly thereafter, the subject tested positive for methamphetamine on 3/5/2005 and 5/2/2005. As Your Honor may recall, no adverse action was taken against the subject to allow him to participate in intensive outpatient substance abuse treatment at Malama Recovery Services, Waianae, Hawaii, and submit to random drug testing at the highest frequency. On 8/2/2005, the subject successfully completed the intensive outpatient program at Malama Recovery Services with no known violations or positive drug tests.

This report concerns the following:

On 6/7/2006, the subject submitted a urine specimen at the U.S. Probation Office which tested presumptive positive for cocaine and marijuana. The specimen was forwarded to Scientific Testing Laboratories (STL), Inc., for confirmation purposes. When confronted about the presumptive positive test results, the subject admitted to abusing those illicit drugs and acknowledged that it was an inappropriate response to the stress he was experiencing as a result of being evicted from a clean and sober residence and terminated from his employment. The subject stated that he was "lost" and requested further substance abuse treatment to address his relapse and instability within the community. On 6/14/2006, STL confirmed that the 6/7/2006 urine specimen tested positive for cocaine and marijuana.

Based on his willingness to undergo an increased treatment regimen, the subject was instructed to seek placement in an inpatient treatment program. On 6/13/2006, the subject entered the Victory Outreach inpatient treatment program located in Ewa Beach, Hawaii. On 6/15/2006, the program director for Victory Outreach informed the U.S. Probation Office that the subject had been admitted into their

Prob 12B
(10/94)

3

6-month inpatient program. The program director agreed to provide quarterly status reports detailing the subject's adjustment in the facility and progress as to his treatment curriculum which includes work therapy, substance abuse treatment, life skills classes, and bible study. In considering the identified measures being implemented to address his recent relapse, it is recommended that the Court take no action against the subject and allow him to continue treatment at Victory Outreach.

Additionally, in light of U.S. vs. Stephens, it is recommended that the Court amend the mandatory Violent Crimes Control Act drug testing condition as noted above. The modification of this mandatory condition will provide the Probation Office with the necessary tools to monitor the subject and to protect the community.

Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives his right to a hearing and to assistance of counsel. The subject agrees to the modification of the conditions of supervised release. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections to the modification.

Respectfully submitted by,

CARTER A. LEE
U.S. Probation Officer

Approved by:

PETER D. YOSHIHARA
Supervising U.S. Probation Officer

Date: 6/20/2006

Prob 12B
(10/94)

4

**THE COURT ORDERS:**

[ ✓ ] The Modification of Conditions as Noted Above
[  ]  Other

_____
HELEN GILLMOR
Chief U.S. District Judge

_____7. 6 . 0 6_____
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

    I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ ]    To extend the term of supervision for  years, for a total term of  years.
[X]    To modify the conditions of supervision as follows:

Mandatory Condition:     *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.*

Witness: _____
CARTER A. LEE
U.S. Probation Officer

Signed: _____
KALEI LOPEZ
Supervised Releasee

6/7/06
Date